**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NVARD TAHMAZYAN, | NO. CV 15-5304-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed a Complaint on July 15, 2015, seeking review of the Commissioner's denial of Plaintiff's application for Supplemental Security Income ("SSI"). The parties filed a consent to proceed before a United States Magistrate Judge on August 12, 2015. Plaintiff filed a "Motion for Summary Judgment" on January 28, 2016. Defendant filed a "Memorandum in Support of Defendant's Motion for Remand" on February 26, 2016. Plaintiff filed "Plaintiff's Response, etc." on March 9, 2016. The Court has taken the matter under submission without oral argument. See L.R. 7-15; "Order," filed July 21, 2015.

///
///

1        Plaintiff presently seeks SSI benefits based on a November 22,
2   2013 disability onset date (Plaintiff's Motion at 2-3). An
3   Administrative Law Judge ("ALJ") had denied Plaintiff any benefits in
4   a decision dated November 25, 2013 (Administrative Record ("A.R.") 14-
5   25). The Appeals Council subsequently denied review (A.R. 1-4).

7        The ALJ's decision, which became final on the Appeals Council's
8   denial of review, found: (1) Plaintiff's severe impairments prevent
9   her from performing more than "medium" level work; (2) Plaintiff has
10  only a "limited education"; and (3) Plaintiff has no "past relevant
11  work" (A.R. 16-23). These findings, when coupled with Plaintiff's
12  true age of 55 on November 22, 2013, should have resulted in the
13  granting of SSI benefits under Rule 203.10 of the Medical Vocational
14  Guidelines (the "Grids"). See 20 C.F.R. Pt. 404, subpt. P, App. 2,
15  Rule 203.10. In the ALJ's analysis of the Grids, however, the ALJ
16  failed to utilize Plaintiff's true age (A.R. 24). As a consequence of
17  this failure, the ALJ erroneously believed that the Grids did not
18  direct a conclusion of disability (id.).

20       A conclusion of disability directed by the Grids is irrebuttable.
21  See Cooper v. Sullivan, 880 F.2d 1152, 1157 (9th Cir. 1989). Thus,
22  when a court determines that the Administration erroneously failed to
23  recognize that the Grids direct a conclusion of disability, reversal
24  and remand for the immediate payment of benefits can be an appropriate
25  remedy. See id. at 1157-58; Hoffman v. Heckler, 785 F.2d 1423, 1425
26  (9th Cir. 1986); Irwin v. Colvin, 2015 WL 5696781, at *4 (E.D. Cal.
27  Sept. 25, 2015).
28  ///

1    In an attempt to avoid this remedy, Defendant seeks to challenge
2 the ALJ's finding that Plaintiff's very limited past work history was
3 insufficient to constitute "past relevant work" (Defendant's
4 Memorandum at 1-5). Defendant urges that the Court remand the matter
5 for "further factual development and a new decision" on the issue of
6 Plaintiff's past work (id.). According to Defendant, such further
7 development should include an inquiry of Plaintiff's former employer
8 regarding the nature and duration of the part-time, seasonal work
9 Plaintiff performed during parts of 2009, 2010 and 2011, further
10 inquiry (presumably of Plaintiff) regarding Plaintiff's limited self-
11 employment work activity and earnings in 2007 and 2008, and also
12 testimony from a vocational expert regarding the "exact time required
13 to learn the duties of Plaintiff's former position" (id.).

15    As previously observed, if the Administration had utilized
16 Plaintiff's true age when conducting an analysis under the Grids, the
17 Administration necessarily would have awarded Plaintiff SSI benefits
18 beginning on November 22, 2013. If Plaintiff had received such an
19 award, Plaintiff presumably would not have filed this action. Absent
20 Plaintiff's filing of this action, Defendant would have been unable to
21 challenge any aspect of the administrative decision, including the
22 determination that Plaintiff has no "past relevant work." See 42
23 U.S.C. § 405(g); see also Buck v. Secretary, 923 F.2d 1200, 1203 (6th
24 Cir. 1991) ("the Secretary [now the Commissioner] cannot appeal
25 because he is not an 'individual'" [within the meaning of 42 U.S.C.
26 section 405(g)]); Edwards v. Secretary, 572 F. Supp. 1235, 1239-40
27 (E.D.N.Y. 1983) ("except for the internal review process, the
28 Secretary [now the Commissioner] cannot appeal a determination of

disability by the ALJ or the Appeals Council . . .").

The premise of Defendant's argument herein seems to be that the fortuity of the Administration's age-related error, and Plaintiff's consequent decision to file this action, combine to authorize this Court to reexamine (at Defendant's behest) any administrative finding favorable to Plaintiff. This premise finds arguable support in Ninth Circuit decisions that appear to circumscribe very narrowly the district court's discretion to order the payment of benefits as a remedy for administrative error. Under these decisions, when a district court reverses under sentence four of 42 U.S.C. section 405(g),[1] "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Treichler v. Commissioner, 775 F.3d 1090, 1099 (9th Cir. 2014) (citations omitted). The district court should examine whether the record "is <u>fully developed</u>, is free from conflicts and ambiguities, and all essential factual issues have been resolved. . . . Unless the district court concludes that further administrative proceedings would serve <u>no useful purpose</u>, it may not remand with a direction to provide benefits." Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015)

---

[1] Defendant invokes sentence four of section 405(g) (Defendant's Memorandum at 1, 5). Neither party has invoked (or properly could invoke) sentence six. See 42 U.S.C. § 405(g) (after the defendant has filed an answer, the court may remand under sentence six "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in [the] prior [administrative] proceeding"). The Commissioner filed an answer in this action, and no "good cause" appears for having previously failed to incorporate any new, material evidence into the administrative record.

4

(citations and quotations omitted) (emphasis added).

The Court assumes <u>arguendo</u> that it has discretion under sentence four to remand for a reexamination of administrative findings favorable to a claimant, even findings unaffected by the particular error that requires a remedy. <u>See</u> <u>id.</u>; <u>but see</u> 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). The Court therefore assumes <u>arguendo</u> that it has discretion to remand this matter for a reexamination of the administrative finding of no "past relevant work," as well as for the taking of all additional evidence now suggested by Defendant. The Court concludes, however, that such a remand would not be appropriate under the circumstances presented herein.

Perhaps the Court would deny benefits and/or remand for further administrative proceedings if the administrative finding of no "past relevant work" had been demonstrably erroneous. Yet, even Defendant appears to concede that this Court could not properly conclude from the present record that any of Plaintiff's very limited past work constituted "substantial gainful activity" so as to qualify as "past relevant work" (Defendant's Memorandum at 2-4). <u>See</u> <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1051 (9th Cir. 2001) (only "substantial gainful activity" can qualify as "past relevant work"); <u>see also</u> Social Security Ruling 83-34 (discussing the tests for the existence of "substantial gainful activity"). The record reflects that Plaintiff earned self-employment annual income of only $1,572 in 2007 and only $2,512 in 2008 (A.R. 206-08). The record also reflects that Plaintiff

1 worked part time around Christmas at Macy's in 2009, 2010 and 2011,
2 never earning more than $1,202.93 in any one year (A.R. 56, 68, 208,
3 219-20, 225-26, 236, 282, 326, 335). The vocational expert believed
4 that Plaintiff's past work did not constitute "substantial gainful
5 activity" (A.R. 268, 272). The ALJ found Plaintiff had no "past
6 relevant work" (A.R. 23). On this record, the Court is unable to
7 conclude that the ALJ's finding was unsupported by substantial
8 evidence. See id.; 20 C.F.R. § 416.960; see also Richardson v.
9 Perales, 402 U.S. 389, 401 (1971) (substantial evidence is "such
10 relevant evidence as a reasonable mind might accept as adequate to
11 support a conclusion"); Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th
12 Cir. 1995) ("We must uphold the ALJ's decision where the evidence is
13 susceptible to more than one rational interpretation").

15   Perhaps a remand for further administrative proceedings also
16 would be appropriate if the previous administrative proceedings had
17 entailed no genuine examination or record development concerning the
18 issue of Plaintiff's past work. However, the ALJ, the vocational
19 expert, and the disability adjudicator all examined the issue of
20 Plaintiff's past work and all opined that there was no "past relevant
21 work" (A.R. 23, 78, 94, 268, 272).[2] These opinions were informed not
22 only by testimonial evidence, but also by written reports, statements
23 made to consultative examiners, and Social Security Administration
24 documentation reflecting Plaintiff's earnings (A.R. 58, 206-08, 219-
25 20, 225-26, 236, 282, 326, 335).

---

[2]   Plaintiff's counsel also represented without contradiction that Plaintiff's past work was "not at SGA level" (A.R. 68).

As previously observed, to determine the appropriate remedy for an administrative error the district court should examine whether the record has been "fully developed." See Dominguez v. Colvin, 808 F.3d at 407; cf. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered"). Despite the seeming absoluteness of the term "fully," the question of whether an administrative record has been "fully" developed necessarily presents a question of degree. Fuller record development is always a theoretical possibility. In the present case, for example, Plaintiff's counsel, the ALJ or the vocational expert could have inquired further of Plaintiff concerning Plaintiff's limited past work. The ALJ could have contacted Plaintiff's past employer. The ALJ could have obtained vocational expert testimony regarding how long it would take to learn to do the past work. On similarly material issues, the ALJ could have attempted to contact Plaintiff's school to develop a fuller record regarding the issue of Plaintiff's precise educational level. The ALJ could have obtained further information, further medical expert opinion and further vocational expert opinion requiring the issue of Plaintiff's functional capacity. For that matter, the ALJ could have sought more authoritative documentation of when Plaintiff actually was born. Such fuller record development conceivably might alter one or more of the factual findings underpinning the administrative decision. Hence, the Court is unable to have complete certainty that fuller record development (here or in any other case) would "serve no useful purpose."

///

///

The undeniable fact that an administrative record can always be developed more fully, together with the undeniable possibility that further development could result in altering a previous finding, cannot mean that the court is without discretion in selecting the remedy for administrative error. The law cannot require further record development in every case in which administrative error exists; the court must retain discretion to remand for immediate payment of benefits notwithstanding a theoretical possibility that full<u>er</u> record development conceivably could upset previously settled administrative findings. See 42 U.S.C. § 405(g); <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986) (refusing to remand for additional evidence even though fuller record development of the exact nature of the claimant's education conceivably could have supported the ALJ's denial of disability benefits); <u>Irwin v. Colvin</u>, 2015 WL 5696781, at *5 (E.D. Cal. Sept. 25, 2015) (refusing to remand for further administrative proceedings where the Grids mandated a finding of disability; court rejected the suggestion that the ALJ be given the opportunity to reassess plaintiff's residual functional capacity and the vocational impact of that capacity); <u>Julick v. Colvin</u>, 2013 WL 6119240, at *3-4 (C.D. Cal. Nov. 21, 2013) (where the Grids dictated a finding of disability, the court ruled that a remand for further administrative proceedings would not be "fruitful or fair"); see also <u>Trnavsky v. Colvin</u>, 2016 WL 146007, at *2 (9th Cir. Jan. 6, 2016) (ruling that the district court did not abuse its discretion by refusing to remand for further record development and instead awarding immediate benefits); cf. <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits

adjudication. . . . Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand") (citations and quotations omitted). Under the circumstances of the present case, the Court declines to exercise its discretion to remand for fuller record development.

For all of the foregoing reasons, IT IS HEREBY ORDERED that pursuant to sentence four of 42 U.S.C. section 405(g) the decision of the Commissioner is reversed and the matter is remanded for the immediate payment of benefits as of November 22, 2013.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 23, 2016

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE